IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES BESHIRES, JR.,

    Plaintiff,

v.                                                                                                    Civ. No. 17-1111 JCH/SCY

UNIVERSITY OF NEW MEXICO
HOSPITAL,

    Defendant.

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Defendant University of New Mexico Hospital's Motion For Summary Judgment, filed January 14, 2019 (Doc. 36), and Plaintiff James E. Beshires, Jr.'s Motion for Summary Judgment, filed March 11, 2019 (Doc. 56). In his Proposed Findings and Recommended Disposition ("PFRD"), filed July 15, 2019, United States Magistrate Judge Steven C. Yarbrough recommended granting Defendant's Motion for Summary Judgment and denying Plaintiff's Motion for Summary Judgment. Doc. 66. On July 26, 2019, Plaintiff timely filed his Objections to Magistrate Steven C. Yarbrough's Proposed Findings and Recommended Disposition. Doc. 67. Plaintiff's Objections are now before the Court.

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). When resolving objections to a magistrate judge's proposal, "[t]he district judge must

determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

The Court has considered both Motions for Summary Judgment and the briefs in support, the Magistrate Judge's PFRD, and Plaintiff's Objections in light of the foregoing standards, and has conducted a *de novo* review. Based on the Court's review, the Court finds that Plaintiff's Objections to the Magistrate Judge's PFRD are either waived or unfounded. In his Objections, Plaintiff argues error in the Magistrate Judge's decisions denying his motion for extension of time to complete discovery and denying his motion to compel. Doc. 67 at 1. Plaintiff did not timely appeal these orders under Federal Rule of Civil Procedure 72(a), and did not raise these issues in any filings before the entry of the PFRD. In addition, Plaintiff complains, for the first time, that Defendant failed to produce discovery as ordered by the Magistrate Judge. Doc. 69 at 11-12. Plaintiff has waived all of these challenges. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir 1996) (finding that issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived).

Plaintiff also reargues whether he has met the elements of a prima facie case, and cites *Schechner v. KPIX-TV*, 686 F.3d 1018, 1022 (9th Cir. 2012), which held that "a plaintiff who relies on statistical evidence to establish a prima facie case of disparate treatment bears a relatively low burden of proof." Doc. 67 at 4. But the Magistrate Judge actually found that Plaintiff made out a prima facie case of age discrimination; therefore, there is no reason for Plaintiff to object on the basis that such a finding should have been made. Doc. 66 at 11-12.

Finally, Plaintiff reiterates his argument that Defendant presented no evidence in support of its motion for summary judgment because Mochelle Billingsley's affidavit is "false" and not "real." Doc. 67 at 13 & 17. As the Magistrate Judge explained, affidavits are competent evidence on summary judgment, and Plaintiff had the burden of producing evidence showing a genuine issue of material fact existed as to the statements contained in the affidavit. Doc. 66 at 7, 19. Plaintiff's strenuous disagreement with the merits of the reasons Ms. Billingsley articulated for his termination, Doc. 67 at 6-10 & 15, does not create a dispute of fact as to whether she actually believed those reasons at the time she fired him. *Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1169-70 (10th Cir. 2007) ("The relevant inquiry is not whether the employer's proffered reasons were wise, fair or correct, but whether it honestly believed those reasons and acted in good faith upon those beliefs.").

Following its *de novo* review, therefore, the Court finds the Magistrate Judge's recommendation is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. Accordingly, the Court ADOPTS the Magistrate Judge's PFRD and OVERRULES Plaintiff's Objections.

**IT IS THEREFORE ORDERED** that Plaintiff Defendant University of New Mexico Hospital's Motion for Summary Judgment, filed January 14, 2019 (Doc. 36) is **GRANTED**, and

3

Plaintiff James E. Beshires, Jr.'s Motion for Summary Judgment, filed March 11, 2019 (Doc. 56), is **DENIED.** A separate Order of Judgment will enter contemporaneously.

_____
JUDITH C. HERRERA
UNITED STATES DISTRICT COURT JUDGE